**O**

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ADRIAN SCOTT MORGAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE COUNTY OF LOS ANGELES, *et* ) <br> *al.*, AND DOES 1 THROUGH 10, ) <br> inclusive ) <br> ) <br> Defendants. ) <br> _____ ) | CASE NO. CV 08-8357 ODW (AGRx) <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [91] |

Currently before the Court is Defendants County of Los Angeles (sued erroneously as Los Angeles County Sheriff's Department), Sheriff Leroy Baca, Deputy Eric Tunforss, Dr. Chu-Hsian Chi, Dr. Policarpio F. Enriquez, Dr. Kamron K. Hakhamimi, Hyo N. Lee, R.N., Suzanne M. McDonald, R.N.P., Dr. Patrick C. Paik, and Dr. Parvaneh P. Solnouni's ("Defendants"), Motion to Dismiss Plaintiff Adrian Scott Morgan's ("Plaintiff") Third Amended Complaint. (Dkt. No. 91.) Having considered the matter, the Court deems the matter appropriate for decision without oral argument pursuant to Rule 78 of the Federal

1

Rules of Civil Procedure ("Rule __") and Local Rule 7-15 and **GRANTS** the instant Motion.

Plaintiff instituted this action alleging five claims against Defendants: (1) *Monell* claim against the Los Angeles County ("County"); (2) Eighth Amendment claim for failure to furnish medical care against individual Defendants; (3) Fourteenth Amendment claim against individual Defendants; (4) Conspiracy to violate civil rights; and (5) violation of the American Disabilities Act against the County and official Defendants only. Plaintiff bases his claims on allegations that describe a series of events showing an utter failure by various prison officials and employees in attending to Plaintiff's medical needs (left femur fracture) for a period of over two years. At this time, Defendants move to dismiss Plaintiff's claims. As a threshold matter, the Court addresses whether Plaintiff exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e(a).

The Court recognizes Plaintiff's unfortunate circumstances. It is clear, however, that Plaintiff must exhaust his administrative remedies prior to instituting an action in this Court. Specifically, § 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are thus required to exhaust all available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion of administrative remedies is mandatory regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and applies to all prisoner suits relating to prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In order to properly exhaust administrative remedies, an inmate must "make full use of the prison grievance process." *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006).

The exhaustion requirement is not jurisdictional, but rather creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1117-19 (9th Cir. 2003). The defendant bears the burden of

raising and proving the absence of exhaustion. *Id*. at 1119. In deciding the motion, "the court may look beyond the pleadings and decide disputed issues of fact." *Id*. If the court concludes that the prisoner has not exhausted all of his available administrative remedies, "the proper remedy is dismissal of the claim without prejudice." *Id*. at 1120. If a complaint contains exhausted and unexhausted claims, "the court proceeds with the good and leaves the bad." *Jones*, 549 U.S. at 221.

In this case, Plaintiff implicitly admits to the fact that his administrative remedies were not exhausted by arguing only that exhaustion was not necessary because Plaintiff is seeking monetary damages. (Opp'n at 3-4.) In support, Plaintiff bases his argument on outdated Ninth Circuit authority. The Supreme Court in *Booth* established that Congress mandated exhaustion regardless of the relief offered through administrative procedures. 532 U.S. at 741 ("Congress's imposition of an obviously broader exhaustion requirement makes it highly implausible that it meant to give prisoners a strong inducement to skip the administrative process simply by limiting prayers for relief to money damages not offered through administrative grievance mechanisms."). Exhaustion, therefore, is no longer left to the discretion of the district court, but is mandatory. *Id.* at 739. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint for failure to exhaust his administrative remedies. The case shall be dismissed without prejudice.[1]

**IT IS SO ORDERED**.

July 19, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

---

[1] We construe the dismissal of this case to be without prejudice. *See Wyatt,* 315 F.3d at 1120 (explaining that if the court concludes that a prisoner has failed to exhaust, the proper remedy is dismissal without prejudice).